IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00813-KLM

TAIWO GBENGA,

    Applicant,

v.

DENVER CONTRACT DETENTION,

    Respondent.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Respondent's **Motion to Dismiss** [#21][1] (the "Motion"). Applicant has not filed a Response in opposition to the Motion [#21], and the time for doing so has elapsed. The Court has reviewed the Motion, the case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#21] is **GRANTED**.

**I. Background**

On April 3, 2017, Taiwo Gbenga ("Gbenga") initiated this action by filing pro se an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#3] (the "Application") challenging the length of his detention. On April 21, 2017, Mr. Gbenga submitted an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [#5] (the

---

[1] [#21] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

"Amended Application"). Mr. Gbenga, a citizen of Nigeria, was first detained on April 20, 2016, at the port of entry in San Ysidro, California. *Decl. of Elden Minter* [#16-1] ¶ 2.[2] On April 29, 2016, Mr. Gbenga was transferred to the Denver Contract Detention Facility in Aurora, Colorado. *Id.* ¶ 3. On May 13, 2016, United States Citizenship and Immigration Services ("USCIS") issued a Notice to Appear ("NTA") designating Mr. Gbenga as an arriving alien and charging him as inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I). *Id.* ¶ 4. On September 12, 2016, the Immigration Judge issued a decision ordering Mr. Gbenga removed from the United States to his native country of Nigeria. *Id.* ¶ 6. On September 23, 2016, Mr. Gbenga informed ICE that he would not appeal the decision. *Id.* ¶ 8. On September 23, 2016, ICE requested travel documents for Mr. Gbenga from the Consulate of Nigeria. *Id.* ¶ 8. On March 21, 2017, the Consulate of Nigeria indicated that it would issue travel documents to Mr. Gbenga. *Id.* ¶ 13.

On April 3, 2017, ICE completed a travel itinerary for Mr. Gbenga which scheduled him to be removed from the United States on June 7, 2017. *Decl. of Elden Minter* [#16-1] ¶ 15,19. On May 26, 2017, the Nigerian government issued a travel document allowing Mr. Gbenga to travel from the United States to Lagos, Nigeria. *Decl. of Elden Minter* [#20-1] ¶ 2. Mr. Gbenga was removed from the United States to Nigeria on June 7, 2017 as previously planned. *Warrant of Removal/Deportation* [#21-1] at 3.

In the Amended Application, Mr. Gbenga requests supervised release, stating that he has never committed a crime and would not pose a danger. *Amended Application* [#5].

---

[2] When considering a Rule 12(b)(1) motion, the Court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States,* 46 F.3d 1000,1003 (10th Cir. 1995).

Mr. Gbenga also alleged that his prolonged detention was a violation of his due process rights. *Id.*

**II. Standard of Review**

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it. Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); Fed. R. Civ. P. 12(b)(1). Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed. *F & S Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true. *Id.* By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations." *Id.* at 1003. With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends. *Id.* The Court therefore must make its own findings of fact. *Id.* In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.1987)). The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts does not convert a motion to dismiss

pursuant to Rule 12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

### III. Analysis

Respondent contends that this action is now moot because Mr. Gbenga is no longer in the custody of the United States, having been removed to Nigeria on June 7, 2017. *Warrant of Removal/Deportation* [#21-1] at 3.

Although challenges to most administrative orders of removal, deportation, or exclusion are reviewable only by the court of appeals, *see* 8 U.S.C. § 1252(a)(5), challenges to detention are reviewable by the district court in an action brought pursuant to 28 U.S.C. § 2241. *See Ferry v. Gonzales*, 457 F.3d 1187, 1192 (10th Cir. 2005). In a § 2241 action, a district court is authorized to issue the writ of habeas corpus when an applicant is "in custody in violation of the Constitution or laws or treaties of the United States." §2241(c)(3). Thus, to assert a § 2241 claim, Mr. Gbenga must demonstrate that he is "in custody," but this requirement need only be met at the time the action is initiated. *See, e.g.*, *Spencer v. Kenna*, 523 U.S. 1, 7 (1998).

However, although not affecting the "in custody" requirement, a petitioner's release from custody after the initiation of his habeas petition may result in his petition becoming moot. *See id.* Article III of the United States Constitution limits the jurisdiction of the federal courts to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. To meet this jurisdictional requirement, an actual case or controversy must be present at all stages of the litigation, not only when the action is initiated. *See Copar Pumice Co. v. Tidwell*, 603 F.3d 780, 792 (10th Cir. 2010). Indeed, without a controversy that is both live and concrete, federal courts lack jurisdiction to consider claims, no matter how meritorious. *See Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007). Accordingly, when a court

considers this threshold issue and determines that there is no current live case or controversy, it must dismiss the action for lack of jurisdiction. *See Copar Pumice*, 603 F.3d at 792; *McKeen v. U.S. Forest Serv.*, 615 F.3d 1244, 1255 (10th Cir. 2010).

When circumstances change such that the court is unable to grant effective relief that has some effect in the real world, a live case or controversy no longer exists and the case is, therefore, moot. *See McKeen*, 615 F.3d at 1255; *Copar Pumice*, 603 F.3d at 792 (stating that a case is moot where intervening events or relief "have completely and irrevocably eradicated the effects of the alleged violation"). The mootness doctrine incorporates two aspects: (I) whether the issues are live; and (ii) whether the parties have a legally cognizable interest in the outcome. *See Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1243 (10th Cir. 2011). The critical question in determining these two aspects is "whether granting a present determination of the issues offered will have some effect in the real world." *McKeen*, 615 F.3d at 1255; *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261,1266 (10th Cir. 1999). Demonstrating that a case is moot is a heavy burden and lies with the party alleging that the action is moot. *See McKeen*, 615 F.3d at 1255; *Copar Pumice*, 603 F.3d at 792.

There are, however, exceptions to the mootness doctrine; that is, even if an action appears moot on its face, a court will refrain from dismissing the action when certain circumstances are present. The four generally recognized exceptions are: (1) the plaintiff continues to have secondary or collateral injuries even after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an alleged illegal practice, but is free to resume it at any time; or (4) the action is a properly certified class action suit. *See Riley v. INS*, 310 F.3d 1253, 1256-57

(10th Cir. 2002).

The court notes that, because Mr. Gbenga's removal provided him with the remedy that he seeks and cures his claimed injury (namely, to be released from detention), his claim is moot. *See Hawkins v. Lawrence*, 66 F. App'x 161, 162 (10th Cir. 2003) (holding that where the relief requested in the application has already been provided, there is "no longer any controversy to resolve"). However, the four exceptions to the mootness doctrine as set forth in *Riley v. INS*, 310 F.3d 1253 (10th Cir. 2002), need to be explored. Specifically, first, Mr. Gbenga failed to allege any collateral consequences flowing from his detention, as opposed to the removal order itself. *See id.* at 1257; *see also Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (inability to return to the United States is a consequence of the removal order, not the detention). Second, Mr. Gbenga's prior detention is not "capable of repetition, yet evading review." *See Riley*, 310 F.3d at 1257. Since Mr. Gbenga has been removed to the country of his legal citizenship (Nigeria), it is unlikely that he will return to the United States illegally again and be subject to further detention by the Respondent. Third, the exception for "voluntary cessation," which applies where the conduct complained of has terminated but could recur, does not apply here. *see Picrin-Peron v. Rison,* 930 F.2d 773, 779 (9th Cir. 1991). Due to Mr. Gbenga's removal to Nigeria, he is no longer subject to further detention by the Respondent. Finally, the fourth exception does not apply because Mr. Gbenga is not a certified member of a class-action lawsuit. *See Riley*, 310 F.3d at 1257. Thus, any challenge to the length of Mr. Gbenga's detention is moot, as Mr. Gbenga is no longer being detained by the United States, and the four exceptions to the mootness doctrine set forth in *Riley* do not apply. *See id.* Accordingly, Mr. Gbenga's habeas claim challenging his detention is properly dismissed

as moot.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion to Dismiss [#21] is **GRANTED**. The Amended Application [#5] is **DENIED.**

IT IS FURTHER **ORDERED** that this case is **DISMISSED with prejudice.**

DATED: September 18, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge